# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CRAIG MOSKOWITZ**, on behalf of himself on behalf and all others similarly situated | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:17 cv 307 |
| **AMERICAN SAVINGS BANK, F.S.B.**, | ) **CLASS ACTION** |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION AND FOR A TEMPORARY STAY OF FURTHER PROCEEDINGS ON THAT MOTION

**TABLE OF CONTENTS**

Page

INTRODUCTION ....................................................................................................................1

STATEMENT OF FACTS ......................................................................................................1

ARGUMENT ...........................................................................................................................2

    I.    BY TAKING THIS MOTION UNDER SUBMISSION, THIS COURT WILL PREVENT NEEDLESS LITIGATION OVER ATTEMPTS TO "MOOT" THIS CASE IN CONTRAVENTION OF *CAMPBELL-EWALD*...........2

    II.    THIS COURT SHOULD STAY FURTHER ACTIVITY ON THIS MOTION UNTIL THE DEADLINE THE COURT SETS IN ITS SCHEDULING ORDER FOR COMPLETING DISCOVERY ..............................6

    III.    IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY PLAINTIFF'S PROPOSED CLASS ...................................................................8

        A.    RULE 23(a)(1) – NUMEROSITY ................................................8

        B.    RULE 23(a)(2) – COMMONALITY – AND RULE 23(b)(3) – COMMON QUESTIONS OF LAW OR FACT PREDOMINATE ...........8

        C.    RULE 23(a)(3) – TYPICALITY ...................................................8

        D.    RULE 23(a)(4) – ADEQUACY OF PLAINTIFF AS CLASS REPRESENTATIVE ......................................................................9

        E.    RULE 23(b)(3) – A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS OF RESOLVING THIS CONTROVERSY ...........................................................................9

CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

Page

**Cases**

*Alpern v. UtiliCorp. United, Inc.*,
 84 F.3d 1525 (8th Cir. 1996) ........................................................................................ 5

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997)...................................................................................................... 9

*Bais Yaakov of Spring Valley v. ACT, Inc.*,
798 F.3d 46 (1st Cir. 2015). ..................................................................................... 4-5

*Bais Yaakov of Spring Valley v. Graduation Source, LLC*,
2016 WL 872914 (S.D.N.Y. Mar. 7, 2016) .................................................................. 3

*Bais Yaakov of Spring Valley v. Varitronics, LLC*,
2016 WL 806703 (D. Minn. Mar. 1, 2016) .................................................................. 3

*Bond v. Fleet Bank (RI), N.A.*,
2002 WL 31500393 (D.R.I. Oct 10., 2002) ................................................................. 6

*Brady v. Basic Research, LLC*,
312 F.R.D. 304 (E.D.N.Y. 2016) ................................................................................. 3

*Campbell-Ewald Co. v. Gomez*,
136 S. Ct. 663 (Jan. 20, 2016)................................................................................... 1-5

*Carroll v. United Compucred Collections, Inc.*,
399 F.3d 620 (6th Cir. 2005) ....................................................................................... 5

*Chapman v. First Index, Inc.*,
796 F.3d 783 (7th Cir. 2015) ....................................................................................... 5

*Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*,
586 F.2d 962 (2d Cir. 1978)......................................................................................... 6

*Clark v. Sprint Spectrum L.P.*,
2011 WL 835487 (C.D. Cal. 2011).............................................................................. 7

*Damasco v. Clearwire Corp.*,
662 F.3d 891 (7th Cir. 2011) ....................................................................................... 5

*Daniels v. Amerco*,
1982 WL 1856 (S.D.N.Y. 1982).................................................................................. 7

*Deposit Guaranty Nat'l Bank v. Roper*,
445 U.S. 326 (1980).................................................................................................. 4-5

*Fontenot v. McCraw*,
777 F.3d 741 (5th Cir. 2015) ................................................................................. 5

*Gomez v. Campbell-Ewald Co.*,
768 F.3d 871 (9th Cir. 2014) ................................................................................. 5

*Holmes v. Pension Plain of Bethlehem Steel Corp.*,
213 F.3d 124 (3rd Cir. 2000) ................................................................................. 6

*Hooks v. Landmark Indus., Inc.*,
797 F.3d 309 (5th Cir. 2015) ................................................................................. 5

*Kline v. Wolf*,
702 F.2d 400 (2d Cir. 1983) ............................................................................... 3-4

*Lucero v. Bureau of Collection Recovery, Inc.*,
639 F.3d 1239 (10th Cir. 2011) ............................................................................. 5

*Parker v. Time Warner Entm't Co., L.P.*,
331 F.3d 13 (2d Cir. 2003) .................................................................................... 7

*Primax Recoveries, Inc. v. Sevilla*,
324 F.3d 544 (7th Cir. 2003) ................................................................................. 6

*Raymond v. Rowland*,
220 F.R.D. 173 (D. Conn. 2004) ........................................................................... 8

*Silva v. Nat'l Telewire Corp.*,
2001 WL 1609387 (D.N.H. Dec. 12, 2001) .......................................................... 6

*Stein v. Buccaneers Ltd. P'ship*,
772 F.3d 698 (11th Cir. 2014) ............................................................................... 5

*Tanasi v. New Alliance Bank*,
786 F.3d 195 (2d Cir. 2015) .................................................................................. 2

*U.S. Parole Comm'n v. Geraghty*,
445 U.S. 388 (1980) .............................................................................................. 4

*Weiss v. Regal Collections*,
385 F.3d 337 (3d Cir. 2004) .................................................................................. 5

*Weissman v. ABC Fin. Servs., Inc.*,
203 F.R.D. 81 (E.D.N.Y. 2001) ............................................................................. 8

*Zeidman v. J. Ray McDermott & Co.*,
651 F.2d 1030 (5th Cir. 1981) ............................................................................... 6

**Statutes**

C.F.R. § 64.1200(a)(4)(ii)–(iv) ................................................................................................ 8

**Rules**

Fed. R. Civ. P. 23(a)(1). ..................................................................................................... 7-8

Fed. R. Civ. P. 23(a)(2). ........................................................................................................ 8

Fed. R. Civ. P. 23(a)(3). ........................................................................................................ 8

Fed. R. Civ. P. 23(a)(4). ........................................................................................................ 8

Fed. R. Civ. P. 23(b)(3). ........................................................................................................ 9

**Other**

3 Newberg on Class Actions § 7:16 (4th ed.). ...................................................................... 7

## INTRODUCTION

Plaintiff CRAIG MOSKOWITZ has brought this action against AMERICAN SAVINGS BANK, F.S.B. for using an automatic telephone dialing system to call cellular telephones of thousands of persons throughout the United States to deliver text messages without obtaining the prior express consent of the persons being called in violation of the federal Telephone Consumer Protection Act of 1991 (the "TCPA"). Plaintiff makes this class certification motion at this early juncture for a prophylactic purpose: to avoid any controversy that might arise if Defendant was to make an individual settlement offer—either through a Rule 68 offer of judgment, or through tendering the money to the Court, or otherwise—designed to "moot" the named Plaintiff's individual claim in an attempt to deny the plaintiff a "fair opportunity to show certification is warranted" in contravention of *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (Jan. 20, 2016). Plaintiff respectfully requests the Court allow this motion to remain pending in order to avoid needless litigation over any such pick-off attempt and defer any further activity on this motion until after the discovery cutoff date to be set in the Court's Rule 26 scheduling order.

## STATEMENT OF FACTS

Plaintiff filed its Complaint in this action on February 21, 2017, alleging Defendant violated the TCPA when Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made or caused to be made at least four calls to Plaintiff that delivered text messages to Plaintiff's cell phone without Plaintiff's prior express consent. (Compl. ¶ 2). The Complaint alleges Defendant sent these four text messages, using an automatic telephone dialing system, on or about June 2, 2016, June 22, 2016, July 1, 2016 and July 3, 2016. (*Id.* ¶ 10).

Plaintiff alleges that Defendant, using an automatic telephone dialing system within the meaning of the TCPA, made thousands of telephone calls to the cellular telephones of thousands

of persons throughout the United States, without having received prior express consent from the called parties, to deliver thousands of text messages identical or substantially similar to the messages that Defendant left for Plaintiff during the four-year statute-of-limitations period. (*Id.* ¶ 13). Plaintiff seeks to certify a class defined as follows:

> All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, initiated and/or caused to be initiated any calls to the persons' cellular telephones, that delivered a text message identical or substantially similar to the messages described above that was left for Plaintiff.

(*Id.* ¶ 15).

## ARGUMENT

I. **BY TAKING THIS MOTION UNDER SUBMISSION, THIS COURT WILL AVOID NEEDLESS LITIGATION OVER ATTEMPTS TO "MOOT" THE CASE IN CONTRAVENTION OF *CAMPBELL-EWALD***

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court refused to allow a class-action defendant to "pick off" the named plaintiff with an offer of individual relief, holding "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Supreme Court refused to "place the defendant in the driver's seat" on class certification by giving it unilateral authority to pay a few thousand dollars "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Id.* In reaching this holding, the Supreme Court agreed with six separate circuit courts, including the Second Circuit's decision in *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir. 2015). *Id.*

The Supreme Court declined, however, to answer the hypothetical question of whether a plaintiff's individual claim would be moot if (1) "a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff" and (2) "the court then enters judgment for the plaintiff in that amount." *Id.* In the wake of *Campbell-Ewald*, some class-action defendants have seized on this hypothetical by seeking leave under Rule 67 to deposit the amount they deem the "maximum" the plaintiff could recover individually and then asking the district court to enter an individual judgment in that amount against the plaintiff's wishes. In other words, having been told they cannot unilaterally "moot" the plaintiff's individual claim *themselves*, defendants are asking the district courts *to do it for them*.

This new strategy flatly contradicts the central holding of *Campbell-Ewald* that a plaintiff must be given a "fair opportunity" to seek class certification, and it has thus far has been rejected by numerous courts. *See Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (rejecting post-*Campbell-Ewald* attempt to "tender" individual relief by depositing funds in court in putative TCPA class action involving unsolicited fax advertisements, holding "[w]ith a live claim remaining, this Court is bound by *Campbell–Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted"); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (same); *Brady v. Basic Research, LLC*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) (same in consumer-fraud case).

Moreover, the Second Circuit held in *Kline v. Wolf*, 702 F.2d 400, 401–06 (2d Cir. 1983), that if a defendant tenders full individual relief to a purported class plaintiff, a court may not enter a judgment for that relief in favor of the plaintiff over the plaintiff's objection, even if the court has already denied the plaintiff's motion for class certification for being an inadequate class

3

representative. That is because the plaintiff may be able to obtain reconsideration of the plaintiff's adequacy as a class representative if the plaintiff establishes the defendant's liability at a trial on the plaintiff's individual claims. *Id.* at 404–06. A fortiori, a court has no power to enter an individual judgment over the plaintiff's objection where, as in this case, the plaintiff has not been accorded a fair opportunity to file and have the court decide a class certification motion after discovery, in which the court would rule, for the first time, on the plaintiff's adequacy.

In addition, citing *Deposit Nat'l Bank v. Roper*, 445 U.S. 326, 334 n.6 (1980), *Kline* held that, even after class certification has been denied due to plaintiff's lack of adequacy, if the purported class plaintiff rejects a tender of full individual relief, the court may not enter an individual judgment in favor of the plaintiff over the plaintiff's objection because the plaintiff retains an economic interest in "spread[ing] [its] litigation expenses[, including attorney's fees,] across a class of victorious plaintiffs." *Kline*, 702 F.2d at 404, 406. That reasoning is consistent with First Circuit precedent. *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 49–50 & nn.2, 5 (1st Cir. 2015).

Nevertheless, even despite *Campbell-Ewald* and *Kline*, class defendants will likely continue trying to find a way to "moot" a named plaintiff's claim to evade a class action, and if they are successful it will be necessary to review the pre-*Campbell-Ewald* case law on whether a plaintiff whose individual claim becomes moot after timely filing suit may continue to pursue class certification, a question *Campbell-Ewald* did not address. The Supreme Court has held twice that a putative class plaintiff whose claim becomes "moot" after timely filing suit retains standing to appeal a denial of class certification, since the plaintiff has an independent "personal stake" for Article III purposes in the "right to represent a class," *U.S. Parole Comm'n v. Geraghty*, 445 U.S.

4

388, 402 (1980), and a concrete interest in the ability to "shift part of the costs of litigation" to other class members, *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980).

The Third, Ninth, Tenth, and Eleventh Circuits hold that if the plaintiff's individual claim is "mooted" through the defendant's purposive actions, the plaintiff may continue to seek class certification as long as it does not unduly delay, and class certification will "relate back" to the complaint if later obtained. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014), *aff'd on other grounds* 136 S. Ct. 663 (2016); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704–05 (11th Cir. 2014); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). The Eighth Circuit holds that, even if a defendant "tender[s] a check to the court" for full individual relief, a district court may terminate the suit "only where class certification has been properly denied" on the merits. *Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (citing *Roper*, 445 U.S. at 326). The Supreme Court left all these decisions undisturbed in *Campbell-Ewald*. 136 S. Ct. at 668.

The Seventh Circuit held pre-*Campbell-Ewald* that an offer of complete individual relief "moots" the plaintiff's individual claim, but the plaintiff may continue to seek class certification if she has a "placeholder" motion for class certification on file. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) (holding offer does not "moot" plaintiff's individual claim in the first place). The First Circuit recently held the effect of a placeholder motion remains an "open" question in that Circuit. *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 54 (1st Cir. 2015). The Fifth Circuit upheld a pick-off in *Fontenot v. McCraw*, 777 F.3d 741, 751 (5th Cir. 2015), holding the plaintiffs could have prevented it by "fil[ing] a class action certification

5

motion . . . simultaneously with the filing of their first amended complaint." *Cf. Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 315 (5th Cir. 2015) (holding offer does not moot the individual claim in the first place). The Sixth Circuit held in *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624–25 (6th Cir. 2005), that because the plaintiff's motion for class certification was pending at the time the defendant mooted the plaintiff's individual claims, the case was still live. *See also Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546–47 (7th Cir. 2003) (same); *Holmes v. Pension Plain of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3rd Cir. 2000) (same); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1051 (5th Cir. 1981) (same); *Bond v. Fleet Bank (RI), N.A.*, 2002 WL 31500393, at *3 (D.R.I. Oct 10., 2002) (same); *Silva v. Nat'l Telewire Corp.*, 2001 WL 1609387, at *1 (D.N.H. Dec. 12, 2001) (same).

In sum, in the unlikely event this Court allows Defendant to use some alternate method to "pick off" Plaintiff's individual claim in this case, it will have to decide whether Plaintiff may continue to seek class certification. The Second Circuit has never decided that question, but the Supreme Court has allowed the plaintiff with a moot claim to appeal a denial of class certification, and even the most defendant-friendly standard allows the plaintiff to prevent the buy-off problem by filing a "placeholder" motion for class certification. In light of this state of affairs, Plaintiff seeks to maintain this motion as "pending" to prevent needless gamesmanship that accompanies these pick-off attempts.

## II. THIS COURT SHOULD STAY FURTHER ACTIVITY ON THIS MOTION UNTIL THE DEADLINE THE COURT SETS IN ITS SCHEDULING ORDER FOR COMPLETING DISCOVERY

Plaintiff submits that the best course of action at this early juncture would be for this Court to delay ruling on this motion until both sides have had sufficient time to conduct additional discovery and investigation into the various issues that will inform the Court's class certification determination. Settled law of the Second Circuit and other Circuits authorizes, and

typically requires, a district court to permit parties to conduct discovery *before* determining a class certification motion. *E.g.*, *Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) (court "should defer decision on certification pending discovery if the existing record is inadequate" and "[f]ailure to allow discovery, where there are substantial factual issues relevant to certification of the class, makes it impossible for the party seeking discovery to make an adequate presentation either in its memoranda of law or at the hearing on the motion if one is held."); *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 20–22 (2d Cir. 2003) (vacating denial of class certification on the pleadings because district court did not give plaintiffs opportunity to conduct class discovery or make a motion for class certification); *Daniels v. Amerco*, 1982 WL 1856, *1 (S.D.N.Y. 1982) (staying ruling on pending class certification motion because the parties needed discovery to develop a full record); *Clark v. Sprint Spectrum L.P.*, 2011 WL 835487, *2 (C.D. Cal. 2011) (granting extension to file class certification motion where "discovery is in the early stages and the Rule 16 scheduling conference has not yet occurred"); 3 Newberg on Class Actions § 7:16 (4th ed.) ("Apart from the disposition of various motions, class rulings are often deferred pending certain events such as discovery on class issues . . . .").

In this case, permitting the parties to conduct discovery would serve the salutary purpose of enabling them to develop proof regarding such matters as the actual number of persons to whom Defendant, without obtaining the persons' prior express consent, using an automatic telephone dialing system as defined in the TCPA, initiated and/or caused to be initiated any calls to the persons' cellular telephones throughout the United States, that delivered a text message, as well as regarding the numbers of such text messages sent to such group of persons. In addition, discovery should reveal the content of Defendant's text messages. These types of information are

7

typically in the hands of Defendant or their agents who made the telephone calls which delivered the text messages, and hence are fully appropriate for class discovery. Accordingly, this Court has legal authority and good cause to defer further consideration of this class certification motion until after the parties have had an adequate time to conduct discovery in this action.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY PLAINTIFF'S PROPOSED CLASS

#### A. RULE 23(a)(1) – NUMEROSITY

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The courts "may make common sense assumptions to support a finding of numerosity." *Raymond v. Rowland*, 220 F.R.D. 173, 178 (D. Conn. 2004) (quoting *Weissman v. ABC Fin. Servs., Inc.*, 203 F.R.D. 81, 84 (E.D.N.Y. 2001)). The Second Circuit has found that "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995). In this case, given the mode of communication, using an automatic telephone dialing system as defined in the TCPA to call persons' cellular telephones and deliver a text message, which is used to communicate with large numbers of targets, and the impersonal nature of the text messages attached to the Complaint as Exhibit A, the common-sense inference is that the number of class members is at least 40, and individual joinder of absent class members is impracticable.

#### B. RULE 23(a)(2) – COMMONALITY – AND RULE 23(b)(3) – COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, commonality is met because the Defendant engaged in a general policy that is the focus of the litigation by using an automatic telephone dialing system as defined in the TCPA, initiated and/or caused to be initiated any calls to the persons' cellular telephones throughout the United States, that delivered a text message and did not obtain prior express invitation or

permission to send such text messages. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii) .

### C. RULE 23(a)(3) – TYPICALITY

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendant's using an automatic telephone dialing system as defined in the TCPA, to initiate and/or causing to be initiated telephone calls to the persons' cellular telephones that delivered text message and did not obtain prior express invitation or permission to send such text messages. Thus, all class member claims' arise from the same and/or substantially similar transactions or occurrences.

### D. RULE 23(a)(4) – ADEQUACY OF PLAINTIFF AS CLASS REPRESENTATIVE

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

### E. RULE 23(b)(3) – A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS OF RESOLVING THIS CONTROVERSY

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly

9

situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997).

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court take this motion under submission, and stay any further activity on this motion until after the discovery cutoff date it sets in its scheduling order and after the parties can file papers informed by their discovery on this motion. In the alternative, even at this early stage, the Court could conditionally certify the class or grant any other relief the Court deems just.

Dated: White Plains, New York
February 21, 2017

                                                  Respectfully submitted,

By:   s/Aytan Y. Bellin
        Aytan Y. Bellin ct28454

**BELLIN & ASSOCIATES LLC**
85 Miles Avenue
White Plaines, NY 10606
Phone: 914-358-5345
Fax: 212-571-0284
Aytan.Bellin@bellinlaw.com

*Attorneys for the Plaintiff and the proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that the foregoing document or paper will be served on the Defendant at the time the complaint is served.

                                        s/Aytan Y. Bellin
                                        Aytan Y. Bellin
                                        **BELLIN & ASSOCIATES LLC**
                                        85 Miles Avenue
                                        White Plaines, NY  10606
                                        Phone: 914-358-5345
                                        Fax: 212-571-0284